UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENE CHITTENDEN, et al., | No. 2:13-cv-1351 MCE CKD PS |
| Plaintiffs, | |
| v. | ORDER AND |
| UNITED STATES OF AMERICA, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Defendant's motion to dismiss came on regularly for hearing November 27, 2013. Gene Chittenden and Allen Hall appeared in propria persona. Gregory Broderick appeared for defendants. Upon review of the documents in support and opposition, upon hearing the arguments of plaintiff and counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

In this action, plaintiffs allege claims arising out of the installation by Forest Service personnel of a Bat Door inside the Roye-Sum (Seymour) and Dolliegeek mines. Plaintiffs allege they hold unpatented mining claims on federal land in the Tahoe National Forest. They assert federal officials[1] trespassed upon their mining claim in late 2010. Plaintiffs allege that hoists, rails and cables were damaged or destroyed during the installation of the Bat Gates on October

---

[1] The individually named defendants are sued in their official capacities only.

1

23, 2010 and that a culvert was installed, rendering the shaft unusable and destabilizing the hillside. Plaintiffs allege ten causes of action; defendant moves to dismiss eight of the causes of action.[2] Defendant does not move to dismiss the first cause of action for trespass and the third claim for private nuisance.

An issue raised for the first time in plaintiffs' opposition is whether this action properly sounds in inverse condemnation. In opposing the motion to dismiss the conversion claim, plaintiffs seek leave to amend to file an inverse condemnation claim. Defendant correctly contends that if this is a case of inverse condemnation, as claimed by the plaintiffs, then this court lacks subject matter jurisdiction over the entire action because the United States Court of Federal Claims has exclusive jurisdiction of any claim based solely on the Constitution and which exceeds $10,000. 28 U.S.C. §§ 1346(a)(2), 1491. Plaintiffs here each claim damages of $250,000, thus meeting the monetary requirement. The gravamen of plaintiffs' complaint is that the United States' construction of a bat gate on plaintiffs' mining claim constituted a taking of plaintiffs' property in violation of the Fifth Amendment by damaging their real property and interfering with their ability to use the land for mining. Such a claim properly sounds in inverse condemnation, not trespass, and this court lacks subject matter jurisdiction over such a claim. See Myers v. United States, 323 F.2d 580, 583 (9th Cir. 1963) (despite plaintiffs' characterization of claim as one for trespass, construction of road that allegedly encroached onto land plaintiffs claimed to own under patents issued by the United States are in the nature of inverse condemnation; District Court accordingly lacked subject matter jurisdiction because Court of Federal Claims has exclusive jurisdiction). Accordingly, the court will recommend that the entire action be dismissed for lack of subject matter jurisdiction and defendant's motion to dismiss be denied as moot.[3]

---

[2] In opposition to the motion to dismiss, plaintiffs have submitted copies of e-mails and other correspondence and request that the court take judicial notice of these documents. The documents are not properly subject to judicial notice under Federal Rule of Evidence 201.

[3] Because this court lacks subject matter jurisdiction, the court will recommend dismissal of the action rather than transfer of the matter to the Court of Claims. At the hearing, plaintiffs indicated that they have limited means and that having to pay another filing fee would impose a

Assuming arguendo that this action does not sound in inverse condemnation and this court has subject matter jurisdiction, defendant's motion to dismiss is well taken. Defendant moves to dismiss the second cause of action for negligence per se for violation of the California trespass statute, fourth cause of action for negligence per se for violation of California private nuisance statutes, and fifth cause of action for negligence per se for violation of the General Mining Law. Defendant correctly contends that under California law, there is no claim for negligence per se, which is an evidentiary doctrine, not an independent cause of action. People of California v. Kinder Morgan Energy Partners, L.P., 569 F.Supp.2d 1073, 1087 (S.D. Cal. 2008). In the sixth cause of action, plaintiffs allege negligence but the factual allegations supporting this claim are the same as those giving rise to the claim sounding in trespass. In opposition, plaintiffs in conclusory fashion contend that the United States by way of the Forest Service failed to use due care and thus are entitled to pursue a negligence claim. Fundamentally, however, plaintiffs' claim is that the United States intentionally and improperly entered and damaged their property. Such a claim lies in trespass, if not in inverse condemnation. The sixth cause of action for negligence is duplicative of the trespass claim and should therefore be dismissed.

In the seventh and eighth causes of action, plaintiffs assert claims for violation of their rights to substantive and procedural due process. A claim for monetary damages for constitutional torts is not cognizable against the United States or federal employees sued in their official capacities.[4] Rountree v. United States, 40 F.3d 1036, 1038 (9th Cir. 1994). Nor can such a claim lie against a federal agency. Jachetta v. United States, 653 F.3d 898, 908 (9th Cir. 2011). The seventh and eighth causes of action are accordingly subject to dismissal.

Plaintiffs' ninth cause of action alleges conversion. Defendant correctly contends a conversion claim applies to personal property, not real property. California v. Kinder Morgan Energy Partners, L.P., 2013 WL 314825, *17 (S.D. Cal. 2013). In opposition, plaintiffs contend

---

hardship. Plaintiffs are advised that the filing fee may be waived if they are granted leave to proceed in forma pauperis under 28 U.S.C. § 1915 by the Court of Claims.

[4] In the opposition to the motion to dismiss, plaintiffs agree to dismiss the seventh and eighth causes of action against the individually named defendants.

that the conversion claim applies to their mining equipment, which is personal property. However, the mining equipment plaintiffs allege was damaged were fixtures installed within the mines.  See First Amended Complaint, ECF No. 4, p. 16, ¶ 10 (federal employees "ripped out the hoisting system consisting of the Head frame, Rail, Skip and cable").  Plaintiffs' conversion claim cannot, therefore, lie.

Finally, plaintiffs' tenth claim for relief is brought under the Administrative Procedures Act ("APA"), 5 U.S.C. § 702.  A claim may be brought under the APA to challenge agency action.  See 5 U.S.C. § 551(13).  However, individual agency actions alleged to be tortious are not properly brought under this statute.  See Doe v. Attorney General of United States, 941 F.2d 780, 793 9th Cir. 1991 (APA's purpose is to provide administrative forum for challenging administrative and regulatory agency action, not to provide forum for adjudicating government tort liability);  see also Aleck v. United States, 2005 WL 1586939, *4 (D.Or. 2005) (trespass claim not within definition of "agency action" under APA).  Plaintiffs' opposition suggests no amendment which would cure this fatal defect.

In sum, this court lacks subject matter jurisdiction because the action properly sounds in inverse condemnation and the Court of Federal Claims has exclusive jurisdiction over plaintiffs' claims.  In the alternative, defendant's motion to dismiss the second and fourth through tenth causes of action should be granted.

Accordingly, IT IS HEREBY ORDERED that plaintiffs' request for judicial notice (ECF No. 13) is denied; and

IT IS HEREBY RECOMMENDED that:

1. This action be dismissed for lack of subject matter jurisdiction.

2. Defendant's motion to dismiss (ECF No. 11) be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 27, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 chittenden.57